AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Raul Rivera-Rojas** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:14CR01419-001SWS** |
| | USM Number: **20816-051** |
| | Defense Attorney: **Michael Alarid Jr** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Reentry of a Removed Alien | 03/11/2014 | |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**June 11, 2014**
Date of Imposition of Judgment

Signature of Judge

Name and Title of Judge

Date Signed

Defendant: **Raul Rivera-Rojas**
Case Number: **2:14CR01419-001SWS**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **6 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence. Pursuant to section 5D1.1(c), the Court will not impose a term of supervised release.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Raul Rivera-Rojas**
Case Number: **2:14CR01419-001SWS**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $0.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

Defendant: **Raul Rivera-Rojas**
Case Number: **2:14CR01419-001SWS**
District: District of New Mexico

# STATEMENT OF REASONS
**(Not for Public Disclosure)**

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

- A  ☒  **The court adopts the presentence investigation report without change.**

- B  ☐  **The court adopts the presentence investigation report with the following changes.**
   (Check all that apply and specify court determinations, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary.)

   - 1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

   - 2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   - 3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   - 4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions).

- C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P.32**.

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

- A  ☒  No count of conviction carries a mandatory minimum sentence.

- B  ☐  Mandatory minimum sentence imposed.

- C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   - ☐ Findings of fact in this case
   - ☐ Substantial assistance (18 U.S.C. 3553(e))
   - ☐ The statutory safety valve (18 U.S.C. 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES)

Total Offense Level: **10**
Criminal History Category: **III**
Imprisonment Range: **10 to 16 months**
Supervised Release Range: **1 to 3 Years**
Fine Range: **$2,000 to $20,000**
☒   Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 12/10) Criminal Judgment
Attachment (Page 2) - Statement of Reasons

Defendant: **Raul Rivera-Rojas**
Case Number: **2:14CR01419-001SWS**
District: District of New Mexico

## STATEMENT OF REASONS
(Not for Public Disclosure)

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.** (Use page 4, if necessary.)

C ☒ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.** (Also complete Section V.)

D ☐ **The court imposes a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (if applicable)

A   **The sentence imposed departs** (Check only one.):
☒ Below the advisory guideline range; or
☐ Above the advisory guideline range.

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance;
☒ 5K3.1 plea agreement based on Early Disposition or 'Fast-track' program;
☐ binding plea agreement for departure accepted by the court;
☐ plea agreement for departure, which the court finds to be reasonable;
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance;
☐ 5K3.1 government motion based on Early Disposition or 'fast-track' program;
☐ government motion for departure;
☐ defense motion for departure to which the government did not object;
☐ defense motion for departure to which the government objected.

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

**Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| | | | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

Explain the facts justifying the departure. (Use page 4, if necessary.)
**Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and 5K3.1 of the Sentencing Guidelines, the Court accepts the plea agreement which stipulates to an offense level of 6 as the Court is satisfied the agreed offense level departs for justifiable reasons which include the adoption by the Attorney General and the U.S. Attorney for this District of an Early Disposition Program. An offense level of 6 combined with a criminal history category of III establishes a guideline imprisonment range of 2 to 8 months. The Court notes the defendant unlawfully reentered the United States after previously being deported.**

Case 2:14-cr-01419-SWS Document 18 Filed 06/24/14 Page 6 of 8

Defendant: **Raul Rivera-Rojas**
Case Number: **2:14CR01419-001SWS**
District: District of New Mexico

# STATEMENT OF REASONS
(Not for Public Disclosure)

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM** (Check all that apply.)

    A  **The sentence imposed is** (Check only one.):
        ☐ below the advisory guideline range; or
        ☐ above the advisory guideline range.

    B  **Sentence imposed pursuant to** (Check all that apply.):

      1 **Plea Agreement** (Check all that apply and check reason(s) below.):
        ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court;
        ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable;
        ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the guideline system.

      2 **Motion Not addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
        ☐ government motion for a sentence outside of the advisory guideline system,
        ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object;
        ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected.

      3 **Other**
        ☐ other than a plea agreement or motion by the parties for a sentence outside of the guideline system( check reason(s) below.):

    **Reason(s) for Sentence Outside the Advisory Guideline System** (check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. 3553(a)(1);
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. 3553(a)(2)(A));
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. 3553(a)(2)(B));
☐ to protect the public from further crimes of the defendant (18 U.S.C. 3553(a)(2)(C));
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C 3553(a)(2)(D));
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. 3553 (a)(6));
☐ to provide restitution to any victims of the offense (18 U.S.C. 3553(a)(7)).

Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4, if necessary.)

Defendant: **Raul Rivera-Rojas**
Case Number: **2:14CR01419-001SWS**
District: District of New Mexico

# STATEMENT OF REASONS
(Not for Public Disclosure)

## VII   COURT DETERMINATIONS OF RESTITUTION

A   ☐ Restitution Not Applicable

B   Total Amount of Restitution: **$0.00**

C   Restitution not ordered (Check only one.):

1  ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. 3663A(c)(3)(A).

2  ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. 3663A(c)(3)(B).

3  ☐   For other offenses for which restitution is authorized under 18 U.S.C 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. 3663(a)(1)(B)(ii).

4  ☐   Restitution is not ordered for other reasons. (Explain)

D   ☐   Partial restitution is ordered under 18 U.S.C. 3553(c) for these reasons:

## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (if applicable).

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| **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** | **June 11, 2014** |
|---|---|
| Defendant's Soc. Sec. No. | Date of Imposition of Judgment |
| **05/01/1968** | |
| Defendant's Date of Birth | Signature of Judge |
| , | |
| Defendant's Residence Address | Name and Title of Judge |
| , | |
| Defendant's Mailing Address | Date Signed |